**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| ROBERT P. BENAVIDES, )<br>                  )<br>       Plaintiff, )<br>v.                    )<br>                  )<br>TOM HANLON,   )<br>                  )<br>       Defendant. ) | No. 2:10-cv-04-WTL-DML |

### Entry and Order Directing Dismissal of Action

**I.**

The plaintiff's request to proceed *in forma pauperis* is **granted.** No assessment of even a partial initial filing fee is feasible at this time.

**II.**

The court, having considered the complaint of Robert Benavides, a state prisoner, and having applied the applicable standards to the matter, finds that the action must be dismissed. This conclusion is based on the following facts and circumstances:

    1.    As noted, Benavides is a prisoner. Accordingly, his complaint is subject to the screening required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint or the claim fails to state a claim upon which relief can be granted. *Id.* Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

    2.    A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009).

3. Benavides' complaint is brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Kramer v. Village of North Fond du Lac,* 384 F.3d 856, 861 (7th Cir. 2004). Thus, no action lies under § 1983 unless a plaintiff has asserted the violation of a federal right. *See Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981).

4. Benavides asserts an Eighth Amendment claim against the Superintendent of the prison where Benavides is confined. Benavides alleges that on August 20, 2009, he sent the Superintendent a grievance stating that shower water was dripping from the ceiling onto Benavides' bed. Benavides requested that the leak be fixed immediately or he be moved to another cell. Benavides' request was denied and water dripped on his bed for three weeks until the leak was fixed. Benavides states that he has headaches and emotional distress as a result.

5. Applying the foregoing standards, the court finds that the element of state action is adequately alleged, but that the complaint nonetheless fails to state a claim upon which relief can be granted.

   a. "It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment."*Helling v. McKinney*, 113 S. Ct. 2475, 2480 (1993). To prevail on an Eighth Amendment claim based on inadequate conditions, the prisoner must show that (1) the conditions in the prison were objectively "sufficiently serious so that a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," and (2) prison officials acted with deliberate indifference to those conditions. *Townsend v. Fuchs,* 522 F.3d 765, 773 (7th Cir. 2008) (internal citations and quotation marks omitted).

   b. There is no feature of Benavides' allegations describing his confinement which suggests treatment or conditions of confinement of sufficient severity as to have resulted in the denial of the minimal civilized measure of life's necessities. Accordingly, there is also no viable claim of an Eighth Amendment violation stated in the complaint. At worst, permitting a leak in the ceiling to occur amounts to negligence, which fails to state a claim upon which relief can be granted. This is because an Eighth Amendment claim requires more than negligence. It requires deliberate indifference. *See Farmer v. Brennan,* 511 U.S. 825, 835 (1994) ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."); *Fisher v. Lovejoy*, 414 F.3d 659, 662 (7th Cir. 2005).

   c. Additionally, it is noted that Superintendent Hanlon is the sole defendant in the action. The complaint does not allege that the Superintendent personally participated in causing the leak or that he directed Benavides' continued placement in the cell with the leak. To be liable for a constitutional violation, an individual must have personally participated in the conduct or it must have occurred at his direction.

*Starzenski v. City of Elkhart*, 87 F.3d 872, 879 (7th Cir. 1996) ("'An individual cannot be held liable in a § 1983 action unless he caused or participated in [the] alleged constitutional deprivation.'")(*quoting Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009).

   d.   Finally, if Superintendent Hanlon is named as a defendant because of some asserted action or inaction on a grievance submitted by Benavides, that connection also will not support a viable claim for relief. Although this is an important process for inmates and administrators alike, Circuit law "specifically denounc[es] a Fourteenth Amendment substantive due-process right to an inmate grievance procedure." *Grieveson v. Anderson,* 538 F.3d 763, 772 (7th Cir. 2008).

   6.   For the reasons explained above, the complaint fails to survive the screening required by § 1915A because it fails to contain a legally viable claim. Dismissal of the action pursuant to 28 U.S.C. § 1915A(b) is therefore mandatory, *Gladney v. Pendleton Corr. Facility,* 302 F.3d 773, 775 (7th Cir. 2002), and judgment consistent with this Entry shall now issue.

   **IT IS SO ORDERED.**

Date: 01/20/2010

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana